Charles NELSON *v.* STATE of Arkansas

CR 88-146                                    759 S.W.2d 215

Supreme Court of Arkansas
Opinion delivered November 7, 1988

---

*William R. Simpson, Jr.*, Public Defender, and *Thomas B. Devine III*, Deputy Public Defender, by: *Donald K. Campbell III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This criminal appeal involves a battery charge brought against the appellant after he beat his wife. The

incident occurred on August 10, 1983, when appellant threatened his wife by brandishing a pistol in her face, and later that night beat her unmercifully. After the beating, appellant first was arrested for public intoxication and then a second degree battery charge was apparently added. That battery charge was apparently reduced since the record shows a third degree battery charge was nolle prossed on January 4, 1984, when appellant was charged in circuit court with first degree battery. After numerous delays and trial settings, appellant was tried and convicted on March 5, 1987, and sentenced to twenty years imprisonment. Appellant argues on appeal that the state violated his right to a speedy trial. We do not agree, and therefore affirm.

In their arguments, the appellant and the state disagree on when the time should commence in calculating the eighteen-month period within which the appellant was required to be tried. *See* A.R.Cr.P. 28.1(c). Appellant cites A.R.Cr.P. 28.2(a) and contends the time commenced on August 10, 1983, the date of arrest. The state claims the time commenced on January 4, 1984, the date the first degree battery charge was filed. In support of its claim, the state argues there is no proof the appellant's arrest on August 10, 1983, was for the battery charge with which he was finally charged and convicted.[1] From our review of the record, we conclude the parties' disagreement over these dates has no legal significance because the state still tried the appellant within the time prescribed by law even when we employ the earlier date of August 10, 1983.

The appellant was tried on March 5, 1987, nearly forty-three months after his arrest on August 10, 1983, and well outside the required eighteen-month period in effect at the time. That being so, the state has the burden of showing that any delay was the result of appellant's conduct or was otherwise justified. *Gooden* v. *State*, 295 Ark. 385, 749 S.W.2d 657 (1988). The periods that must be excluded when computing appellant's trial under Arkansas's speedy trial rules are set out in A.R.Cr.P. 28.3(a) and (e). Those relevant, excludable periods involve delays

---

[1] Appellant cited A.R.Cr.P. 28.2 and argued that the first degree battery charge was based on the same conduct as the earlier charges, so the time would still commence when he was first arrested.

that resulted from the appellant's pretrial motion to dismiss, his request for a competency evaluation and his unauthorized absence from both the state and various trial dates. The chronology of significant events is as follows:

8-10-83: Appellant arrested for public intoxication, and later that night, charged with second degree battery (and then apparently amended to third degree battery).

1-4-84: State apparently nolle prossed the third degree battery charge and refiled in circuit court as first degree battery.

1-5-84: Warrant issued for arrest of appellant.

340 days

1-6-84: Letter sent to appellant's address. Officer testified there was no reply for two weeks.

3-20-84: Officer sent to address and learned defendant had left his residence three months earlier.

11-3-84: Appellant arrested in Kentucky.

12-12-84: Appellant extradited to Pulaski County, Arkansas.

12-19-84: Appellant arraigned.

12-21-84: Appellant released on own recognizance.

1-7-85: Appellant's case transferred from fifth to fourth division. Trial date set for 4-10-85.

14 days

3-18-85: Appellant filed motion to dismiss and alleged violation of speedy trial rules.

4-1-85: Hearing on motion. Court denied.

4-10-85: Court reset omnibus hearing and jury trial for 7-26-85.

188 days

7-26-85: Appellant failed to appear for trial.

1-30-86: Appellant again arrested in Kentucky.

2-4-86: Trial court reset appellant's trial for 6-5-86, and scheduled an omnibus hearing for 5-29-86.

223 days

5-29-86: Omnibus hearing held in which appellant requested Act III (psychological evaluation by state hospital.) Court reset omnibus hearing for 8-8-86, and trial for 9-17-86.

1-7-87: State hospital completed evaluation. Omnibus hearing reset for 2-23-87.

3-5-87: Appellant tried and convicted.

As we previously noted, appellant's trial was held approximately forty-three months — specifically 1,301 days — after his arrest. During this time, appellant received six different trial settings, and he left the state twice without notifying the court. In analyzing the foregoing list of events, the first excludable period of 340 days resulted because appellant's whereabouts were unknown. Sergeant Ike Welton testified that the appellant, after his arrest on August 10, 1983, had the duty to notify his bondsman and the court of any address changes. Nevertheless, after the first degree battery charge was filed on January 4, 1984, Welton said his department mailed an arrest warrant to the address given them by appellant. The officer received no reply. On March 20, 1984, an officer was sent to arrest appellant at his residence, but the officer learned the appellant had left three months earlier and had not returned.[2] In fact, appellant was later located and arrested in Louisville, Kentucky on November 3, 1984, and extradited to Arkansas on December 12, 1984. In sum, the state showed that on March 20, 1984, the officers discovered that appellant had left his residence three months earlier and did not find him until he was arrested in and extradited from Kentucky. Under these circumstances, appellant's whereabouts were unknown to the state and the delay resulting during this period was caused by his own action and excludable under Rule

---

[2] The appellant does not mention *Glover* v. *State*, 287 Ark. 19, 695 S.W.2d 829 (1985), wherein the state showed it had mailed the defendant a notice of a trial setting to his last known address, but it received no reply. We held the state failed to prove the defendant was not at the address; also the defendant and his mother testified he lived at that address and never received a trial notice. The present case is clearly distinguishable because the unrebutted testimony reflects the defendant had removed himself from the residence (address) given the court months before the officers tried to locate and arrest him.

28.3(e).

■ Another period excludable under Rule 28.3(e) occurred when the appellant failed to appear for trial, which had been set for July 26, 1985. Again, appellant was located and arrested in Kentucky on January 30, 1986, a 188-day period of delay. That period, we conclude, is excludable because he absented himself from the court without notifying the court or requesting its permission to do so.

■ The next excludable period resulted from the appellant's pretrial motions in which he requested the case be dismissed because the state violated the speedy trial laws. After fourteen days, the court denied the appellant's motion. This period was excludable under Rule 28.3(a).

■ Finally, a 223-day period of delay resulted from proceedings concerning the examination and evaluation of the appellant's competency to stand trial and to determine if he lacked the capacity to appreciate the criminality of his conduct or conform his conduct to the requirements of the law when the crime was committed. Again, this period of time is specifically excludable under Rule 28.3(a).

■ In adding the excludable periods noted above, they total 765 days, leaving only 536 days—less than eighteen months—of the original 1,301 days (or nearly forty-three-month period) between the appellant's initial arrest (8-10-83) and when he was tried (3-5-87). Because the record and proof reflect the appellant was tried within the legally required eighteen-month period, we uphold the trial court's decision denying the appellant's request to dismiss this cause for violation of the speedy trial laws.[3]

PURTLE, J., dissents. DUDLEY, J., concurs.

ROBERT H. DUDLEY, Justice, concurring. I concur in the result that is reached by the majority, but I do not agree that the fourteen-day period, from March 18, 1985, to April 1, 1985, is

---

[3] Appellant also argues the trial court failed, as required under A.R.Cr.P. 28.3(i), to set forth the number of excludable days in a written order or docket entry, but since that issue was not presented below, we do not consider it on appeal. *See Gooden* v. *State*, 295 Ark. 385, 749 S.W.2d 657 (1988).

excludable.

On March 18, 1985, appellant filed a motion to dismiss alleging violations of speedy trial rules. The hearing on that motion was held on April 1, 1985, at which time it was denied by the trial court. The majority merely cites A.R.Cr.P. Rule 28.3(a), with no explanation, as support for its conclusion that these fourteen days are excludable. Such a conclusion cannot withstand closer scrutiny. A.R.Cr.P. Rule 28.3(a) provides:

> The following periods shall be excluded in computing the time for trial:

> (a) *The period of delay resulting from* other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, *hearings on pretrial motions*, interlocutory appeals, and trials of other charges against the defendant. No pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period.

(Emphasis added). The majority either overlooks or ignores the introductory clause of Rule 28.3(a). That is, the amount of time excludable under Rule 28.3(a) is the "period of *delay resulting from* . . . hearings on pretrial motions, . . . ." The trial court did not set forth this fourteen-day period as excludable in a written order or docket entry. So, we do not have any notation from the court stating that the hearing *caused* a fourteen-day delay. Further, there is nothing else in the record establishing that the hearing on appellant's motion to dismiss caused any delay whatsoever. Consequently, this fourteen-day period is not excludable.

JOHN I. PURTLE, Justice, dissenting. The appellant was arrested on August 10, 1983, and was tried on March 5, 1987. Obviously, the period is well beyond the eighteen months allowed by our speedy trial rule. Therefore, the burden is on the state to prove that he was tried within the eighteen months, plus any excludable periods. The charge was filed on the same date of the

arrest in this case.

It is not disputed that the appellant was arrested on August 10, 1983, for the battery of Laverne Nelson. On that same date he was charged with second degree battery. Although the state attempted to eliminate some of the time by nolle prossing and refiling the charge, this action by the state had no effect on the running of the speedy trial time. In any event, the appellant was tried on March 5, 1987, and convicted for battery committed on Laverne Nelson on August 10, 1983.

I agree with the majority opinion that the burden is on the state to show that any delay in excess of eighteen months resulted from the appellant's conduct or was otherwise justified by the record. The majority then draws a neat looking diagram and simply brackets out enough time to reduce the trial date to less than eighteen months, plus alleged excludable time, from the date of the arrest, which occurred forty-three months before the trial. I could draw a similar diagram and exclude less time and with equal force show that the state did not try the appellant within the required time. However, that would not reduce the burden of the state to show compliance with the speedy trial rule. Although the appellant was arrested and charged on August 10, 1983, the state made no effort to locate him until January 6, 1984, and then only for the purpose of serving a second warrant on him.

The state mailed a letter to the appellant's former wife's last known address, at 2408 South Harrison Street, Little Rock, Arkansas. The letter was not returned. The identity of the person who received it is not established. The wife owned this property before the parties were married and presumably still owns it. The only other effort shown to have been made by the state to locate the appellant was on March 20, 1984, when an officer allegedly went to the address and learned that the appellant had moved from that place about three months earlier. There is nothing to indicate who lived at 2408 South Harrison at the time the officer went by nor when the letter was mailed to that address. Apparently nobody ever checked the names of those residing at 2408 Harrison nor did they check the court records or the post office or make any other effort to locate the appellant or determine where he was residing.

From reading the brief, I have the impression that the appellant gave an address of Rt. 5, Box 114 to his bondsman. This, of course, was a part of the record. The police did not check with the bondsman, apparently. It is quite obvious to me that the state made no more than one feeble attempt to locate the appellant and since the burden was on the state to prove the delay was the fault of the appellant, it has failed to do so.

The state has simply shown that the appellant did not reside at 2408 South Harrison Street on the date one of their representatives went by to check. I think we could take note that had the officers checked the Justice Building or the Courthouse, they would have not found the appellant at either of those addresses. That does not mean that he was outside the jurisdiction of the Pulaski County Circuit Court. The state may have just as well traveled to Fifth & Main to locate the appellant. Needless to say, the report would have shown that he was not located there either.

Bad cases make bad law.