Robert E. McBRIDE *v.* STATE of Arkansas

CR 88-144                                                762 S.W.2d 785

Supreme Court of Arkansas
Opinion delivered January 9, 1989

*W.H. Drew,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

H. VANN SMITH, Special Chief Justice. This is an appeal from the Circuit Court of Chicot County involving the speedy trial rule, A.R.Cr.P. Rule 28.

On November 20, 1984, the appellant was charged with DWI and refusal to take a breathalyzer test in the Municipal

Court of Lake Village, Arkansas. Appellant was tried and convicted of both charges on December 5, 1984, and subsequently filed an Affidavit of Appeal, Appeal Bond, and the transcript in the Circuit Court of Chicot County on December 14, 1984.

On March 3, 1986, the Circuit Court set the trial for June 17, 1986. Appellant filed a Motion to Dismiss on June 4, 1986, asserting a violation of the speedy trial rule in that more than 18 months had passed from the arrest to the June 17, 1986, trial date. It should be noted that the 18-month time period has been changed to 12 months pursuant to the 1987 revisions, but that this case is subject to the previous rule. The trial court heard oral arguments on June 10, 1986, and took the motion under advisement until June 13, 1986.

On that date, the court held that the speedy trial rule began running from the date the appeal was perfected, December 14, 1984, and without any excluded periods pursuant to Rule 28.3 of the Rules of Criminal Procedure, there would have been an absolute bar for prosecution after June 14, 1986. The Court found that the three days it held the motion under submission were excludable under Rule 28.3(a) and that the Motion to Dismiss should be denied.

On June 17, 1986, the case was called for trial, but appellant failed to appear. Appellant's attorney was in attendance and stood on the motion to dismiss. On August 25, 1986, the trial judge filed his findings of fact and conclusions of law, from which this appeal resulted.

For the reasons stated below, we affirm the trial court's decision.

The initial issue is whether or not the appeal was perfected from municipal court to circuit court. We find it was.

Rule 9, Inferior Court Rules, controls appeals from an inferior court to circuit court. Rule 9(b) states that appeals from an inferior court to the circuit court are taken by filing a record of the inferior court proceeding in circuit court within 30 days of the entry of judgment.

In this case, the appellant filed an Affidavit for Appeal, Appeal Bond, and caused the transcript to be filed in the circuit

court on December 14, 1984. A notice of appeal to circuit court was never filed by the appellant. However, we find that such a filing is not necessary to perfect the appeal from municipal court to circuit court. As long as the record of the inferior court proceeding was filed with the circuit clerk within 30 days of the entry of the judgment, the appeal is perfected.

The second issue raised concerns the application of the speedy trial rule. Appellant was arrested for DWI and refusal to take the breathalyzer on November 20, 1984, and was found guilty in municipal court on December 5, 1984. His appeal was perfected in the circuit court on December 14, 1984.

Appellant contends that the speedy trial rule, Rule 28, should begin running on the date of the arrest, November 20, 1984, rather than the date the appeal was perfected to circuit court. Rule 28.2(a) states:

"The time for trial shall commence running, without demand by the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest."

The Arkansas Court of Appeals in *Shaw* v. *State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986) has considered a factual situation similar to the present case. In *Shaw*, the Appellant was issued a traffic citation on July 17, 1983, convicted in municipal court on August 4, 1983, and appealed to circuit court on August 17, 1983. The appellate court held that the time within which the defendant must be brought to trial after appeal of a misdemeanor conviction begins running under Rule 28.1(c) and 28.2 on the day a case is appealed to circuit court.

Even though Rule 28 does not specifically address appeals from municipal court, we agree with the holding in *Shaw* and find that upon an appeal of a municipal court decision to circuit court, the speedy trial rule begins to run from the day the appeal is filed in circuit court. Accordingly, the application of the speedy trial rule commences on December 14, 1984.

The appellant next argued that the three days the trial court held the Motion to Dismiss under advisement should not be excludable under Rule 28.3.

Rule 28.3(a) states:

"The following periods shall be excluded in computing the time for trial; (2) . . . hearings on pretrial motions."

■ This court in *Nelson* v. *State*, 297 Ark. 58, 759 S.W.2d 215 (1988), held that the period of time a trial judge takes a motion to dismiss under advisement is excludable under Rule 28.3(a). Therefore, the three days in which the appellant's Motion to Dismiss was under submission to the trial court was excludable.

Affirmed.

HOLT, C.J., not participating; PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I vigorously dissent from the majority opinion. First, I do not agree that the initial issue is whether an appeal was perfected from the municipal court to the circuit court. It is absolutely not necessary to make any determination on that particular issue.

The sole issue in this case is whether the appellant's right to a speedy trial was violated. Arkansas Rules of Criminal Procedure Rule 28.2(a) states that the time for trial commences running:

from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal eposide, *then the time for trial shall commence running from the date of the arrest.* [Emphasis added.]

The majority opinion clearly shows that the appellant was arrested on November 20, 1984. Eighteen months later the state was barred from trying him for the offense for which he was arrested, unless there was excludable time as set out in Rule 28.3. The trial court and the majority of this court simply created out of ether a three-day "excludable period" in order to extend the maximum time for trial up to the date for trial. Obviously, the

defense attorney was on the horns of a dilemma in as much as he could not file his motion for dismissal under the speedy trial rule until the time had run. When the eighteen months expired he filed the motion to dismiss. The trial court then discovered a three-day "excludable period." (The three-day exclusion was revealed by the trial court on August 21, 1986, long after the time for a speedy trial had expired.) This court today affirms such action. This is clearly a judicial erosion of our own rules.

The inevitable result of the majority opinion will likely be that there will no longer be any violations of the speedy trial rule. All the trial court now need do is find that he had held one of the motions under consideration for a period of thirty days and another for a similar time and on ad infinitum. The speedy trial rules were thoroughly considered before they were adopted. I see no reason to continue them in force if we are going to constantly erode them by completely ignoring the plain meaning of their words. But as Humpty Dumpty said: "The words mean what we say they mean."

Perhaps we should change the rules; until that time we should follow them.