William Mac HUFFORD *v*. STATE of Arkansas

CR 93-280                                    861 S.W.2d 108

Supreme Court of Arkansas
Opinion delivered September 20, 1993
[Rehearing denied October 25, 1993.]

*Charles M. Duell*, Chief Asst. Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. William Mac Hufford was convicted of six counts of burglary and five counts of theft of property and sentenced to 60 years in prison. His first point on appeal is that his right to a speedy trial as provided in Ark. R. Crim. P. 28.1(b) was violated. Specifically, Mr. Hufford contends the state's delay in providing a court-ordered mental examination caused his trial to be delayed beyond the one-year time limit. Second, Mr. Hufford contends the State's failure to send him to the State Hospital in compliance with the court order and the insufficiency of the examination violated his Fourteenth Amendment right to due process. As the continuance for the examination came at Hufford's request and the examination was in substantial compliance with the law, we find no merit in either point and affirm.

While on parole resulting from an Arkansas conviction, Hufford was arrested in Neosho, Missouri, September 28, 1990. On October 1, 1990, he was transferred to Benton County as a suspect in several thefts there. On October 30, 1990, he was

charged with several counts of burglary and theft. His parole was revoked, and between November and January he was transferred at least twice between the Benton County Jail and the Arkansas Department of Correction (ADC).

In January, while at the Benton County Jail, Hufford attempted suicide. On February 12, 1991, the Trial Court granted his motion for a mental evaluation. The order specified he be committed to the State Hospital in Little Rock for a period not to exceed 30 days. The next day, the Benton County Sheriff returned Mr. Hufford to the ADC.

Mr. Hufford was evaluated at the ADC by doctors from the Arkansas State Hospital on October 9, 1991, approximately seven and one-half months after the judge's order. The evaluation concluded Hufford was capable of assisting in his defense. Hufford was granted a continuance on March 5, 1992, until July 22, 1992, so he could have additional time to prepare for trial. On July 23, 1992, he was convicted and sentenced.

## 1. Speedy trial

A defendant charged with an offense and incarcerated pursuant to a conviction for another offense shall be entitled to have the charge dismissed if not brought to trial within twelve months from the time the charge is filed or the time of arrest, whichever occurs first. Ark. R. Crim. P. 28.1(b) and 28.2(b). When a defendant is not brought to trial within this twelve-month period, the State has the burden of showing the delay was legally justified. *Brawley* v. *State*, 306 Ark. 609, 816 S.W.2d 598 (1991). Hufford contends the seven and one-half month mental examination delay was due to a lack of good faith and due diligence, and the State is to be charged with that time in calculating the speedy trial period.

The time necessary to complete a mental examination requested by a defendant is excluded from the twelve-month period in the speedy trial rule. Arkansas Rule of Criminal Procedure 28.3(a) states that the twelve month period excludes, "[t]he period of delay . . . including but not limited to an examination and hearing on the competency of the defendant and the period which he is incompetent to stand trial."

The facts in the *Brawley* v. *State*, *supra*, case were similar to

those in this case. The defendant's mental examination was delayed for nine and three-quarters months. Brawley argued that time should not be excluded as he was not responsible for the delay. We stated "[t]he literal language of Rule 28.3(a) states simply that the period required by a competency examination is excluded. Brawley cites no authority for his assertion that the burden should shift back to the State, and we are not persuaded by his argument." 306 Ark. at 613, 816 S.W.2d at 601.

## 2. Due process

■ Mr. Hufford next contends he was denied due process when the State failed to comply strictly with the Trial Court's order committing him to the Arkansas State Hospital for evaluation. Although Hufford was not transferred to the State Hospital, he was examined by doctors from the State Hospital. We find this was substantial compliance with the order and with the examination requirements found in Ark. Code Ann. § 5-2-305(b) (Supp. 1991). See Brooks v. State, 308 Ark. 660, 827 S.W.2d 119 (1992).

■ Hufford also contends his evaluation was insufficient to determine his mental condition. The report to the Trial Court by the doctor conducting the examination stated that many tests could not be completed because of Mr. Hufford's uncooperative and hostile behavior. Hufford presented nothing to show he was not responsible for the uncooperativeness and hostility described in the report. Under those circumstances, we do not know what more could have been done to comply with his request to be examined.

Affirmed.