Bobby Joe JONES *v.* STATE of Arkansas

CR 96-976                                        937 S.W.2d 633

Supreme Court of Arkansas
Opinion delivered January 21, 1997

*Honey & Honey, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Bobby Joe Jones was convicted of delivering a counterfeit substance purported to be cocaine, and sentenced to a term of forty years in the Arkansas Department of Correction. On appeal, he claims that the trial court erred in denying his motion for a directed verdict and challenges the State's chain of custody of paraffin wax, the counterfeit substance. In addition, Mr. Jones claims the State failed to produce evidence that he represented the paraffin wax as cocaine during

the drug sell for which he was arrested. Neither of these arguments is preserved for our review, and we affirm the trial court.

On September 9, 1995, Willie Robinson, a State Police investigator, paid Kevin Washington $125.00 to be a confidential informant on a drug buy. The two traveled in Washington's maroon Cadillac from Texarkana to Lewisville, where they met Mr. Jones walking from his mother's home. They asked him for an "O-Z," and he told them to meet him at his brother Donnie's house. When they arrived, Mr. Jones was entering the house. When he emerged from the house, he proceeded to the driver's window and exchanged a plastic envelope containing three rock-like substances that looked like crack cocaine for $1000.00 in unmarked hundred-dollar bills. Officer Robinson stated on direct examination:

> The informant stopped him and told him we needed to buy an ounce of cocaine. He told us to meet him at Donnie's house . . . . We waited outside while Jones went in. I gave the informant $1000.00 buy money. Jones came out, walked to the driver's side, and handed the informant the substance and the informant gave Jones the money . . . . When I first saw Jones on the street, Kevin did the talking. He said he wanted to purchase an "O-Z", which means an ounce of cocaine on the street . . . .

At the jury trial, the State presented the substance bought from Mr. Jones. The State Crime Lab chemist who analyzed the substance testified that it was 12.48 grams of paraffin wax.

Mr. Jones argues that this case should be reversed because the trial court failed to grant his motion for a directed verdict. We do not reach this issue regarding substantial evidence because Mr. Jones's motion for a directed verdict did not apprise the trial court of the specific basis upon which the motion was made. *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994); *Brown v. State*, 316 Ark. 724, 726, 875 S.W.2d 828, 830 (1994); *see also Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995).

At the close of the State's case, Mr. Jones made the following motion:

> For the record the defendant moves for a directed verdict based on the fact that there has been insufficient evidence and not enough evidence to sustain a verdict against him.

While this language fails to a apprise the trial court of the specific basis upon which the motion is made, the abstract's reference to this matter is truncated as follows:

> THE STATE RESTS.
> DEFENDANT MOVES FOR A DIRECTED VERDICT.
> THE COURT DENIES THE MOTION.

■ The record on appeal is confined to that which is abstracted and cannot be contradicted or supplemented by statements made in the argument portions of the briefs. *Wynn v. State*, 316 Ark. 414, 417, 871 S.W.2d 593, 594 (1994). Transcript or record references in an appellant's argument are not a substitute for a proper abstract. *Id.* at 417, 871 S.W.2d at 595.

■ The motion for a directed verdict does not apprise the trial court of the specific basis for the motion as required by *Brown v. State*, and this issue is not properly abstracted for review.

■ Mr. Jones's second argument seems to be the State failed to establish a proper chain of custody showing that the material in the State's exhibit was the actual substance Mr. Jones sold. We do not reach this issue because no objection was made at trial and the issue is not preserved for appeal. *Echols v. State*, 326 Ark. 917, 948, 936 S.W.2d 509 (1996). We have repeatedly held that we will not consider arguments made for the first time on appeal. *Id.* For the foregoing reasons, the trial court is summarily affirmed.

Affirmed.