## Craig BURKHALTER *v.* STATE of Arkansas

CR 96-278                    956 S.W.2d 171

Supreme Court of Arkansas
Opinion delivered December 4, 1997

*John I. Purtle. P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Craig Henry Burkhalter, was convicted of rape, sexual abuse in the first degree, and violation of a minor in the first degree. On appeal, Burkhalter contends that his convictions must be reversed due to juror misconduct. We find no merit to this argument, and accordingly, we affirm.

During the trial, the victim testified that starting when she was seven years old until she reached the age of fifteen, Burkhalter performed various sexual acts on her. Portions of the victim's testimony were corroborated by a neighbor who witnessed and participated in some of the acts. Based on this evidence, the jury found Burkhalter guilty of rape, sexual abuse in the first degree,

and violation of a minor in the first degree. Burkhalter does not challenge the sufficiency of the evidence to support these convictions.

During the sentencing phase of the trial, the court gave the jury AMI Crim. 2d 9401, which says:

> In your deliberations on the sentence to be imposed, you may consider the possibility of the transfer of Craig Burkhalter from the Department of Correction to the Department of Community Punishment. After he serves one-third (1/3) of any term of imprisonment to which you may sentence him, he may be eligible for transfer from the Department of Correction to the Department of Community Punishment. If transfer is granted, he will be released from prison and placed under post-prison supervision. The term of imprisonment may be reduced further to one-sixth (1/6) of any period you impose, if he earns the maximum amount of meritorious good time during his imprisonment.

The court also gave the jury AMI Crim. 2d 9402, which says:

> Rape is punishable by life imprisonment or a term of years. Persons under sentence of life imprisonment are not eligible for transfer. If you sentence Craig Burkhalter to imprisonment for a term of years, after he serves one-half (1/2) of the term you impose he will be eligible for transfer from the Department of Correction to the Department of Community Punishment. If transfer is granted, he will be released from prison and placed under post-prison supervision. The term of imprisonment may be reduced further to one-fourth (1/4) of any period you impose, if he earns the maximum amount of meritorious good time during his imprisonment. However, persons under sentence of life imprisonment are not eligible for meritorious good time.

The jury then retired to the deliberation room to decide on Burkhalter's sentence. After they deliberated for twenty minutes, the jury sent the judge a note saying: "What's life? Fractional breakdown. Consecutive or concurrent." The judge sent back a note stating: "Life means life. I cannot answer the other questions." Approximately twenty minutes later, the jury sent the judge a second note saying: "We want to give him 20 years before

parole. How do we do this?" The judge replied: "I cannot answer this. Sorry."

Approximately three hours later, the jury announced that they were deadlocked eight to four on a sentencing decision. The court asked the jurors if further deliberations would prove futile. Several jurors nodded their heads affirmatively, but three jurors said that further deliberations would be helpful. The jury resumed deliberations and returned approximately thirty minutes later with the following sentencing decision: ten years' imprisonment for sexual abuse in the first degree, ten years' imprisonment for violation of a minor in the first degree, and life imprisonment for rape.

Burkhalter timely filed a motion for a new trial alleging that there had been a "manifest injustice" because the jury intended to sentence him to twenty years' imprisonment instead of life. Burkhalter did not attach an affidavit or present any other evidence to substantiate the allegations contained in the motion. The motion was deemed denied thirty days after it was filed, and this appeal followed.

■ For his sole argument on appeal, Burkhalter contends that he should have been granted a new trial due to juror misconduct. In his motion for a new trial, Burkhalter claimed that the jury was confused about the sentencing procedure and thus rendered a sentence of life imprisonment instead of a sentence of twenty years. On appeal, Burkhalter has changed his argument and claims that a juror said during deliberations that Burkhalter would serve only seven years if sentenced to life imprisonment. As we have said on numerous occasions, we will not consider an argument raised for the first time on appeal. *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997); *State v. Bell*, 329 Ark. 422, 948 S.W.2d 557 (1997); *Jones v. State*, 327 Ark. 85, 937 S.W.2d 633 (1997).

■ Furthermore, the only evidence Burkhalter provided in support of his allegation of juror misconduct was an affidavit signed by his attorney. This affidavit, however, was not included in the record. It is well settled that the appellant bears the burden of producing a record that demonstrates error, and thus we have consistently refused to consider on appeal matters outside of the

record. *See, e.g., Winters v. Elders,* 324 Ark. 246, 920 S.W.2d 833 (1996) (excluding the chancellor's letter opinion); *Miller v. State,* 328 Ark. 121, 942 S.W.2d 825 (1997) (omitting the transcript of the hearing); *Odum v. State,* 311 Ark. 576, 845 S.W.2d 524 (1993) (failing to include portions of the first trial). Because the affidavit Burkhalter presents in support of his contention of juror misconduct was not contained in the record, we are precluded from considering it upon appeal.

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for rulings decided adversely to Burkhalter but not argued on appeal, and no reversible errors were found.

Affirmed.