Ricky Lee SCOTT *v.* STATE of Arkansas

CR 98-1167                                            989 S.W.2d 891

Supreme Court of Arkansas
Opinion delivered April 22, 1999

*Ray Hartenstein,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Michael C. Angel,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Ricky Lee Scott appeals the judgment of the Cross County Circuit Court convicting him of first-degree murder and sentencing him to a term of life imprisonment. Our jurisdiction of this appeal is

pursuant to Ark. Sup. Ct. R. 1-2(a)(2). For reversal, Appellant argues that the trial court erred in denying his motion to dismiss for violation of his right to a speedy trial. We find no error and affirm.

Because Appellant does not challenge the sufficiency of the evidence used to convict him, we need not recite the facts of this case in great detail. Suffice it to say that Appellant was arrested on March 5, 1996, for the murder of fifteen-year-old Robert Smith, which had occurred the previous day at Smith's aunt's house. The evidence showed that Smith and four other persons were in the driveway, changing a tire on his aunt's car, when Appellant came around the side of the house and began firing a gun. Several eye-witnesses identified Appellant as the person who shot the boy. Appellant was tried on March 11, 1998, more than two years after his arrest. He contends that the trial court thus erred in denying his motion to dismiss the charge due to the State's failure to bring him to trial within twelve months from the date of his arrest.

Rules 28.1(c) and 28.2(a) of the Arkansas Rules of Criminal Procedure require the State to bring a defendant to trial within twelve months from the date the charge is filed in circuit court or from the date of arrest, if the defendant has been lawfully set at liberty pending trial. Once it is shown by the defendant that a trial is or will be held outside the applicable speedy-trial period, the State has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Eubanks v. Humphrey*, 334 Ark. 21, 972 S.W.2d 234 (1998). Delays resulting from continuances given at the request of the defendant are excluded from the period for a speedy trial. *Morgan v. State*, 333 Ark. 294, 971 S.W.2d 219 (1998); *Eubanks*, 334 Ark. 21, 972 S.W.2d 234.

The record reflects that Appellant was tried 736 days after he was arrested, 371 days in excess of the twelve-month speedy-trial period. Appellant does not contest the following three periods of time excluded from the twelve-month period for continuances granted at his request: (1) September 13, 1996, to January 21, 1997, a total of 130 days; (2) June 27, 1997, to October 14, 1997, a total of 109 days; and (3) January 26, 1998, to Appellant's trial

on March 11, 1998, a total of 44 days. Thus, Appellant does not contest that 283 days are excludable due to his requested continuances. That leaves 88 days that must be excluded to affirm the trial court's denial of Appellant's speedy-trial motion. The State contends that the period from January 21, 1997, to May 5, 1997, a total of 104 days, should be excluded due to Appellant's request for a mental examination.

The record reveals that Appellant requested a mental examination pursuant to Ark. Code Ann. § 5-2-305 (Repl. 1997). The trial court granted the request in an order filed on January 21, 1997. The order reflected that Appellant was to undergo examination at the Arkansas State Hospital or other suitable facility, and that all further proceedings in the prosecution were immediately suspended. Appellant was examined on April 21, 1997, and the state hospital's report, which did not reflect any finding of mental disease or defect, was filed on May 5, 1997. Appellant contends that the order for examination was not received by the state hospital until April 1997. He argues that the delay in obtaining his mental examination was caused by the State's failure to promptly forward the order to the state hospital, and, therefore, that the time should not be excluded from the speedy-trial period. We disagree.

Section 5-2-305(a) provides in pertinent part that whenever a defendant charged in circuit court files notice that he will rely upon the defense of mental disease or defect or that he will put in issue his fitness to proceed, the trial court "shall immediately suspend all further proceedings in the prosecution" subject to the provisions of Ark. Code Ann. §§ 5-2-304 and 5-2-311 (Repl. 1997). Similarly, Arkansas Rule of Criminal Procedure 28.3(a) provides in part that "[t]he period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant" is excluded in computing the time for trial. This court has consistently held that the time necessary to complete a mental examination requested by a defendant is excluded from the twelve-month period under the speedy-trial rule. *See, e.g., Hulsey v. Smitherman*, 328 Ark. 234, 943 S.W.2d 568 (1997); *Mack v. State*, 321 Ark. 547, 905 S.W.2d 842 (1995); *Hufford v. State*, 314

Ark. 181, 861 S.W.2d 108 (1993); *Brawley v. State*, 306 Ark. 609, 816 S.W.2d 598 (1991); *Hubbard v. State*, 306 Ark. 153, 812 S.W.2d 107 (1991); *Nelson v. State*, 297 Ark. 58, 759 S.W.2d 215 (1988). The excludable period resulting from a defendant's request for mental examination runs from the date the exam is ordered to the date the report is filed. *Morgan*, 333 Ark. 294, 971 S.W.2d 219.

In *Brawley*, 306 Ark. 609, 816 S.W.2d 598, upon which the State relies, we rejected an argument similar to the one made in the instant case. There, the defendant filed a motion on September 27, 1988, requesting a psychiatric evaluation. He was not able to make bail and had been held in custody since his arrest. The trial court granted the request, and an appointment was made for an examination on October 5, 1988. Brawley was not taken to the appointment. A second appointment was made for October 28, 1988. Again, Brawley was not taken to the appointment. In fact, Brawley was not taken for an examination until May 9, 1989, some seven months after the request for evaluation had been granted. The report was received by the trial court on July 24, 1989. On appeal, Brawley argued that the period of time from the granting of the request to receipt of the report was not excludable because he was not responsible for missing his appointments. He argued that the burden of justifying the delay beyond the date of his first appointment shifted back to the State, as he was incarcerated at that time and had no control over keeping his appointment. He relied on the fact that there was no explanation offered for the State's failure to ensure that he arrived at his appointment. This court rejected Brawley's argument, reasoning:

> Brawley's argument continues that once he presented proof that the appellant missed the scheduled appointments, and the Trial Court found that the delay was not attributable to him personally, the burden shifted back to the State to come forward with an explanation. *The literal language of Rule 28.3(a) states simply that the period required by a competency examination is excluded. Brawley cites no authority for his assertion that the burden should shift back to the State, and we are not persuaded by his argument.*

*Id.* at 613, 816 S.W.2d at 600-01 (emphasis added).

■ We thus find no merit to Appellant's argument that the delay resulting from his mental examination should not be excluded from the twelve-month speedy-trial period. As indicated above, this court has repeatedly held that the time necessary to complete a mental examination is excluded from the calculation of the period for speedy trial. Appellant has not given us any reason or authority to depart from our prior holdings, and we decline to do so. Thus, the period of time from the date the order for evaluation was entered, January 21, 1997, to the date the state hospital's report was filed, May 5, 1997, a total of 104 days, is excluded from the twelve-month period pursuant to section 5-2-305(a) and Rule 28.3(a).

■ Additionally, we affirm on the basis that Appellant failed to include the trial court's docket sheet in the record on appeal. Without the benefit of being able to examine the entries and notations on the docket sheet, we are at a disadvantage to determine whether the trial court erred in ruling that certain periods of time were excludable under Rule 28.3. It is well settled that the appellant bears the burden of producing a record that demonstrates error, and thus we do not consider on appeal matters outside of the record. *Burkhalter v. State*, 330 Ark. 684, 956 S.W.2d 171 (1997). *See also Davis v. State*, 319 Ark. 171, 889 S.W.2d 769 (1994) (denying a writ of prohibition requested for an alleged violation of the right to a speedy trial because the docket entries, although included in the record, were ambiguous).

In sum, our review of the record in this case supports the trial court's denial of Appellant's motion to dismiss for want of a speedy trial. By our calculations, Appellant was brought to trial 736 days after his arrest, 371 days in excess of the twelve-month period for speedy trial under Rule 28.1. Under Rule 28.3, however, there were 387 days excludable from the calculation of speedy trial due to Appellant's requested continuances and mental examination. Accordingly, we affirm the trial court's ruling that Appellant was given a speedy trial.

*Rule 4-3(h)*

In accordance with Rule 4-3(h) of the Arkansas Supreme Court Rules, the record has been reviewed for adverse rulings objected to by Appellant but not argued on appeal, and no such reversible errors were found. For the aforementioned reasons, the judgment of conviction is affirmed.

GLAZE, J., concurs but affirms based on the appellant's failure to include the trial court's docket sheet in the record on appeal. *See also Brawley v. State*, 306 Ark. 609, 614-A, 819 S.W.2d 704 (1991) (supplemental opinion denying rehearing) (GLAZE, J., concurring).