Henry FARR a/k/a Toney ANDERSON v.
STATE of Arkansas

CA CR 82-24                                        636 S.W.2d 884

Court of Appeals of Arkansas
Opinion delivered August 18, 1982

*William R. Simpson, Jr.,* Public Defender, by: *Carolyn P. Baker,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. This case involves the revocation of appellant's suspended sentence. He had previously entered a plea of guilty to breaking or entering and theft of property charges, and received a two-year sentence beginning September 11, 1981. The imposition of appellant's sentence was conditioned, among other things, on his not violating any federal or state law punishable by imprisonment. On October 12, 1981, the state filed a petition to revoke the suspended sentence, alleging that the appellant was guilty of the crimes of harassment, battery in the third degree (two counts), fleeing, disorderly conduct and carrying a weapon. At a hearing on November 6, 1981, the court granted the state's petition, revoked his suspended sentence and sentenced him to five years in prison. The court found appellant was guilty of carrying a weapon, disorderly conduct and failing to report to the probation officer.[1] The sole issue raised by appellant on appeal is that there was insufficient evidence of the three offenses with which appellant was charged and found guilty.

Only a clear preponderance of the evidence must be established to justify the revocation of probation. *Harris* v. *State,* 270 Ark. 634, 606 S.W.2d 93 (Ark. App. 1980). Thus, it is appellant's burden to show that the trial court's findings were against the preponderance of the evidence. In this connection, appellant argues that the state failed to show he was guilty of carrying a weapon, failing to report to his probation officer and disorderly conduct. Of course, if the evidence is sufficient to establish appellant committed any one of the named offenses, the trial court must be affirmed.

---

[1]At the hearing, the State orally amended its petition to charge appellant with failure to report.

Assuming, without deciding, that the evidence was not sufficient to prove appellant unlawfully carried a weapon or failed to report, we find the evidence is sufficient to prove that he was guilty of disorderly conduct.

A brief review of the facts reflects that two Little Rock police officers, on October 12, 1981, sought to locate appellant to ask him questions concerning information they had received relative to a drug matter. The officers found appellant walking in his neighborhood and tried unsuccessfully to engage him on two separate occasions. They subsequently went to the appellant's residence and saw him enter the back door of his home. One officer went to the front door and the other to the back. Appellant's mother permitted the officer at the front door to enter the home, and, as he did, appellant went out the back door. As appellant came out the back door, the officer at the rear of the house saw him and observed three knives in his belt. The officer asked him to remove the knives and place them on the ground. The officer then placed appellant under arrest. However, after appellant was detained and arrested, he fled from the arresting officer, running back into the house. While in the house, he was confronted by the second officer. This officer asked appellant twice to go outside, but he refused. The officer then took appellant's arm, at which time appellant struck the officer in the face with his fist. A scuffle followed and the appellant was subsequently subdued by the officers. Appellant admitted his involvement in the scuffle with the police officers and testified that he "did get wild trying to get away from the dude."

Disorderly conduct is defined in Ark. Stat. Ann. § 41-2908 (Repl. 1977), as follows:

> 41-2908. Disorderly conduct. — (1) A person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
> (a) engages in fighting or in violent, threatening or tumultuous behavior; or
> (b) makes unreasonable or excessive noise; or
> (c) in a public place, uses abusive or obscene language, or makes an obscene gesture, in a manner

likely to provoke a violent or disorderly response; or

(d) disrupts or disturbs any lawful assembly or meeting of persons; or

(e) obstructs vehicular or pedestrian traffic; or

(f) congregates with two [2] other persons in a public place and refuses to comply with a lawful order to disperse of a law enforcement officer or other person engaged in enforcing or executing the law; or

(g) creates a hazardous or physically offensive condition; or

(h) in a public place, mars, defiles, desecrates, or otherwise damages a patriotic or religious symbol that is an object of respect by the public or a substantial segment thereof; or

(i) in a public place, exposes his private parts.

\* \* \*

Appellant contends he did not violate § 41-2908 because his confrontation, fight and scuffle with the officers occurred in appellant's yard and house, not in a public place. We cannot agree with this strained and narrow interpretation of the language contained in § 41-2908. Unquestionably, public inconvenience, annoyance or alarm can occur due to an individual's conduct whether such conduct takes place on private or public property.

Here, two police officers were required to subdue appellant, and because of appellant's evasive and combative actions, the officers charged appellant with committing six crimes. We fail to see how the public's inconvenience is any less affected because appellant's acts occurred on private rather than public property. Obviously, there are situations as are set out in § 41-2908 (1) (c) (e) (f) (h) and (i), which contemplate or specifically require that such disorderly conduct must take place in a public area. However, appellant's violent and combative behavior with the officers here is clearly within that conduct contemplated under § 41-2908 (1) (a), *supra,* and there is no requirement that such conduct must take place on public property.

We affirm.

Affirmed.