2009 Ark. App. 94

**Ian Hunter DOYLE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–530.**

Court of Appeals of Arkansas,

Feb. 18, 2009.

---

Christopher Scott Nance, Newport, for appellant.

Dustin McDaniel, Att'y Gen., by Eileen W. Harrison, Ass't Att'y Gen., Little Rock, for appellee.

JOSEPHINE LINKER HART, Judge.

Ian Hunter Doyle appeals from the revocation of his probation for which he received a 120 month sentence in the Arkansas Department of Correction, with 48 months suspended. On appeal, he argues that the trial court erred in "sentencing [him] out of drug court." We affirm.

On September 13, 2006, Doyle pleaded guilty to commercial burglary, breaking or entering, two counts of theft of property, and first-degree criminal mischief. After he was sentenced to 60 months' supervised probation, he was referred to the Jackson County Drug Court Program. One of the conditions of his probation was that he abide by all the provisions of the drug-court program.

On three occasions, prior to the revocation that is the subject of this appeal, Doyle violated the terms of the drug-court program and received "sanctions." His first violation was for public intoxication and being a minor in possession of alcohol, and his sanction was five days in the county jail. His second violation was testing positive for cocaine, and his sanction was fourteen days in the county jail. Doyle's third violation occurred when he again tested positive for cocaine. At that time, the State petitioned to revoke

Doyle's probation. The trial court denied the State's petition, but it conditioned Doyle's remaining in the drug-court program on his agreeing to serve one year in a regional punishment facility. The nature of his confinement is disputed in this case; Doyle characterizes it as "incarceration," while the State contends that the year represented residential drug treatment.[1]

Subsequent to his stay in the regional punishment facility, the State alleged that Doyle again violated the terms and conditions of his probation by being charged with driving while intoxicated, failure to wear a seatbelt, careless and prohibited driving, and for failing a drug test on February 20, 2008. In its amended petition, the State listed these new grounds for revocation as well as his previous violations and his transgressions in the regional punishment |₃facility. At a hearing on this petition, Jackson County Probation and Parole Officer Marcus Guthrie testified that he was supervising Doyle's probation and caused the revocation petition to be filed. Guthrie testified that Doyle tested positive for cocaine in his February 20, 2008 drug test and introduced certified copies of Doyle's guilty pleas for DWI, failure to wear a seatbelt, and careless driving. Doyle's previously assigned probation officer, Brandy Green, also testified about Doyle's history of violations prior to and including his stay at the regional punishment facility. The trial court revoked Doyle's probation without making specific findings as to which violation it relied on.

On appeal, Doyle asserts that, upon entry into the drug-court program, he was given a handbook that provided rules governing his sanctions. He argues that according to the rules in the handbook, the trial court was not "authorized" to send him to a regional correctional facility, and therefore the action by the trial court "could only be classified as a probation revocation." Further, he asserts that in revoking his probation, the trial court relied upon "a number of the same allegations [upon which] it based its imposition of its third sanction," which constitutes double jeopardy. Doyle also asserts that the trial court's imposition of the third sanction "breached" its "contract" with him, which released him from his "obligations." We find this argument unpersuasive.

In a revocation proceeding, the State must prove its case by a preponderance of the evidence, and on appellate review we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Anglin v. State*, 98 Ark.App. 34, 249 |₄S.W.3d 836 (2007). Where multiple offenses are alleged as justification for revocation of probation, the trial court's finding that revocation is justified must be affirmed if the evidence is sufficient to establish that the appellant committed any one of the offenses. *Farr v. State*, 6 Ark.App. 14, 636 S.W.2d 884 (1982).

Regarding Doyle's "double jeopardy"[2] argument, we note that Doyle does not

---

1. Included in the record is a document styled "Letter of Completion" that states:

   This is to verify that Ian Doyle has completed the Long Term Residential Treatment Program at Northeast Arkansas Community Corrections Center. This program is licensed by the Arkansas Alcohol and Drug Abuse Prevention and certified as a Resi-

   dential Program by the American Corrections Association.

   The letter specifically noted that Doyle "attended all groups and classes in Orientation, Main Treatment, and Relapse prevention/Re-entry phases."

2. We are mindful that this court has held that double jeopardy does not strictly apply to

argue that there was insufficient evidence that he committed the offense of driving while intoxicated or that the proof was inadequate that he tested positive for cocaine on February 20, 2008, or that either conduct was not a sufficient basis for revoking his probation. Accordingly, we hold, as we did in *Farr*, that either ground requires us to affirm and that we need not consider the remaining allegations.

Likewise, we reject his contention that placing him in a regional punishment facility "could only be classified as a probation revocation." We note that our drug-court statute not only authorizes a one-year treatment program, it mandates that the treatment be "at least (1) year in length." Ark.Code Ann. § 16–98–201 (Repl.2006). Further, Doyle's admission at the revocation hearing that he consented to going to the residential drug treatment at the regional punishment facility satisfies the statutory condition that participation in the program be with "agreement of the parties." *Id.*

As to Doyle's arguments concerning the trial court's failure to abide by the drug-court handbook, we hold that we are precluded from considering it on the merits because Doyle failed to have the handbook admitted into evidence. In *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002), our supreme court stated that when a dispute arises over the meaning of a plea agreement, the appellate court is required to discern the intent of the parties as expressed in the plain language of the agreement viewed as a whole. Without the handbook, we are unable to properly review this issue. It is axiomatic that an appellant bears the burden of producing a record that demonstrates error, and on appeal we do not consider matters outside revocation proceedings. *Lawrence v. State*, 39

of the record. *Burkhalter v. State*, 330 Ark. 684, 956 S.W.2d 171 (1997).

Affirmed.

GLOVER and HENRY, JJ., agree.

Ark.App. 39, 839 S.W.2d 10 (1992).