2009 Ark. App. 113

**Richard Allan BEEBE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–937.**

Court of Appeals of Arkansas.

Feb. 25, 2009.

R.T. Starken, Cherokee Village, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., Little Rock, for appellee.

JOHN MAUZY PITTMAN, Judge.

Appellant pled guilty in 2005 to having committed first-degree terroristic threatening and second-degree battery. He was placed on probation for a period of five years. A petition to revoke appellant's probation was filed in January 2008, alleging that he had violated the conditions thereof by committing assault and battery and by failure to pay fines and costs. After a hearing, the trial court found that appellant had violated the conditions of his probation and sentenced him to the Arkansas Department of Correction for six years on each 2005 offense, to be served consecutively. On appeal, appellant argues that the evidence is insufficient to support the trial court's finding that he violated the conditions of his probation. We affirm.

In revocation proceedings, the burden is on the State to prove by a preponderance of the evidence that the defendant has violated a condition of his probation or suspension. *Jones v. State*, 52 Ark.App. 179, 916 S.W.2d 766 (1996). When the violation consists of a failure to pay, the State has the burden of proving that the failure to pay restitution was inexcusable, but once the State has introduced evidence of nonpayment, the defendant has the burden of presenting some reasonable excuse for his failure to pay. *Reese v. State*, 26 Ark.App. 42, 759 S.W.2d 576 (1988). In reviewing a trial court's finding that one has violated the conditions of his probation, we uphold the trial court's findings unless those findings are clearly against the preponderance of the evidence. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). The State only needed to show that the appellant violated one of the conditions. *Ross v. State*, 22 Ark.App. 232, 738 S.W.2d 112 (1987); *Farr v. State*, 6 Ark.App. 14, 636 S.W.2d 884 (1982).

In the present case, the evidence is insufficient to prove that appellant violated the conditions of his probation by committing assault and battery. The State presented no evidence of the alleged act, presenting proof sufficient only to show that appellant was charged with the offense, and appellant denied committing it.

However, there was evidence that appellant did not report to his probation officer as ordered and, significantly, that he paid no fines prior to the filing of the petition to revoke. Although a probationer cannot be punished by imprisonment solely because of a failure to pay court-ordered funds in the absence of a determination that the failure to pay is willful, a defendant's failure to make bona fide efforts to seek employment or to borrow money to pay may justify imprisonment. *Jordan v. State,* 327 Ark. 117, 939 S.W.2d 255 (1997). Here, by his own admission, appellant was regularly smoking marijuana during his probationary period until his probation officer "read him the riot act." We think that the trial judge could properly infer that a probationer who is able to regularly obtain marijuana for his own use is likewise able to pay something toward his fines. *See Gossett v. State,* 87 Ark.App. 317, 191 S.W.3d 548 (2004).

Furthermore, appellant's admission to using marijuana during the term of his probation, and the evidence that he tested positive on one occasion for both marijuana and methamphetamine, is evidence that appellant violated the probation condition that he lead a law-abiding life. Although, as he argues on appeal, appellant was not charged with violating the conditions of his probation in this manner, he made no objection in the trial court to the evidence of illegal drug use. Nor did he claim surprise or lack of notice. Instead, he affirmatively admitted that he had used marijuana during his probation until his probation officer insisted that he desist. Appellant cannot challenge the use of this evidence against him for the first time on appeal. *Cheshire v. State,* 80 Ark. App. 327, 95 S.W.3d 820 (2003).[1]

Affirmed.

GRUBER and BAKER, JJ., agree.

---

1. Likewise, appellant waived his right under Ark.Code Ann. § 5–4–310(b)(5) (Repl.2006) to have the trial court provide him with a written statement of the evidence relied upon and the reasons for the revocation by his failure to object or to request the statement below. *Brandon v. State,* 300 Ark. 32, 776 S.W.2d 345 (1989); *Sisk v. State,* 81 Ark.App. 276, 101 S.W.3d 248 (2003).