

Cite as 2013 Ark. App. 522

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–205

| | | |
|---|---|---|
| CLAY BREEDEN | | **OPINION DELIVERED** SEPTEMBER 25, 2013 |
| | APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. CR–2008-154] |
| V. | | |
| | | HONORABLE EDWARD T. SMITHERMAN, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Clay Breeden appeals the September 11, 2012 revocation order in the Polk County Circuit Court, which sentenced him to seventy-two months' imprisonment in the Arkansas Department of Correction. On appeal, he argues that the State failed to prove that he inexcusably failed to comply with a condition of his probation. We affirm.

On September 9, 2008, Breeden was charged with possession of a schedule II controlled substance and possession with intent to manufacture methamphetamine. He pled guilty and was sentenced to seventy-two months' supervised probation conditioned on paying fines and costs, successful completion of the drug court program, and compliance with conditions including regular reporting to his probation officer and refraining from the use or possession of any alcoholic beverage or scheduled controlled substances without a prescription.

SLIP OPINION

On March 7, 2011, Breeden was found to have incurred a Drug Court sanction for not following instructions of the drug court staff by failing to report for drug screens, failing to report for treatment, and testing positive for drug use. He was sentenced to one year in a community correction center.

A petition for revocation of probation was filed July 26, 2012, alleging that Breeden had failed to report to his probation officer and failed to refrain from drug use. The petition was amended on September 7, 2012, with an attached affidavit of Terry Ford, drug court probation officer, stating that Breeden failed to report to meetings with his probation officer on several specified dates and tested positive for drug use on thirteen occasions from January through August 2012.

At the revocation hearing, Officer Ford testified to the facts included in his affidavit. Breeden also testified, claiming that he was a drug addict and explaining that his wife was having an affair with his brother, which caused him distress. He said that he had found employment at OK Foods and did not report the week before because he was having trouble adjusting to the time change of being on second shift. He expressed that he wanted to move away and start over. He said that he is a certified welder and wants to get a job in that field. He testified that when he pled guilty and agreed to enter the drug court program, he did not know what he was getting himself into. He said that he had been drinking and doing drugs since age fourteen and that "it's just a fact that I'm a drug addict."

In a hearing to revoke a probation or suspended imposition of sentence, the State must prove its case by a preponderance of the evidence. *Gasca v. State*, 2013 Ark. App. 214.

SLIP OPINION

To revoke probation or a suspension, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. *Id.* When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id.*

Breeden argues that the trial court erred by not finding that his noncompliance was excusable. He contends that the record shows that he had a severe problem when he started the drug court program. During his probation, he was placed in the Quapaw House rehabilitation program for a month, was sent to counseling, and was sentenced to a community correction center for a year. He also served several days in jail for sanctions during this time. He contends that he suffered emotional problems resulting from his wife's affair and did not get help moving away from the situation. Based on this history, he claims that he excusably failed to comply.

The State contends that this argument addresses only his failure to refrain from the use of drugs. The trial court found that appellant had violated the conditions of his probation by failing to report to his probation officer and failing to refrain from the use/possession of controlled substances. When a trial court expressly bases its decision on multiple, independent grounds, and an appellant challenges only one of those grounds on appeal, we can affirm without addressing the merits of the argument. *Morgan v. State*, 2012 Ark. App. 357, at 2–3 (citing *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002)). Furthermore, where multiple offenses are alleged as justification for revocation of probation, the trial court's finding that revocation is justified must be affirmed if the evidence is sufficient to establish

that the appellant committed any one of the offenses. *Doyle v. State*, 2009 Ark. App. 94, at 4, 302 S.W.3d 607, 609 (citing *Farr v. State*, 6 Ark. App. 14, 636 S.W.2d 884 (1982)). Because Breeden does not address the trial court's finding that he failed to report to his probation officer, we affirm without addressing his argument that he excusably failed to comply because of his drug addiction.

Affirmed.

GLOVER and WHITEAKER, JJ., agree.

*Randy Rainwater*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Callie Day*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, for appellee.