2015 Ark. App. 245

**Michael Anthony WILLIAMS,**
**Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–14–749**

Court of Appeals of Arkansas,
DIVISION IV.

Opinion Delivered APRIL 15, 2015

---

Clint Miller, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by: Pamela Rumpz, Ass't Att'y Gen., for appellee.

CLIFF HOOFMAN, Judge

Appellant Michael Williams appeals, in this consolidated appeal, after he was convicted by a Pulaski County jury in case

number 12–1651 of possession of methamphetamine or cocaine with purpose to deliver, drug paraphernalia, and maintaining a drug premises. He was sentenced to serve 360 months' imprisonment for possession of methamphetamine or cocaine with purpose to deliver, 360 months' imprisonment for drug paraphernalia, and 120 months' imprisonment for maintaining a drug premises, all to be served consecutively for a total of 840 months' imprisonment. Additionally, appellant appeals after his probation was revoked in case number 08–1708, and he was sentenced to serve 120 months' imprisonment, consecutive to case number 12–1651 for a total of 80 years in both cases. On appeal, appellant contends that (1) the trial court "abused its discretion in concluding that defense counsel had, on cross-examination of a police officer, opened the door to testimony by the officer, on redirect examination, about the factual basis for the warrant that the police had obtained to authorize their search of appellant Williams's residence" in case number 12–1651, and (2) the trial court erred in granting the State's petition to revoke appellant's probation in case number 08–1708. We reverse and remand appellant's convictions in case number 12–1651 and affirm the trial court's revocation of probation in case number 08–1708.

In case number 08–1708, appellant entered a negotiated plea of guilty on December 15, 2008, to one count of felony possession of a controlled substance (cocaine) and one count of misdemeanor possession of a controlled substance (marijuana). He was placed on five years' probation and ordered to pay a fine of $600 plus court costs by December 15, 2009. On April 20, 2012, a petition for revocation was filed, alleging that the appellant committed the offenses of possession of a controlled substance with intent, possession of drug paraphernalia, and maintaining a drug premises; failed to report; and failed to pay fines and court costs.

On April 18, 2014, in case number 12–1651, appellant was charged by amended information of possession of methamphetamine or cocaine with purpose to deliver, drug paraphernalia, and maintaining a drug premises. Arkansas Code Annotated section 5–64–420 (Supp. 2013) provides in pertinent part,

(a) Except as provided by this chapter, it is unlawful if a person possesses methamphetamine or cocaine with the purpose to deliver the methamphetamine or cocaine. Purpose to deliver may be shown by any of the following factors:

(1) The person possesses the means to weigh, separate, or package methamphetamine or cocaine; or

(2) The person possesses a record indicating a drug-related transaction; or

(3) The methamphetamine or cocaine is separated and packaged in a manner to facilitate delivery; or

(4) The person possesses a firearm that is in the immediate physical control of the person at the time of the possession of methamphetamine or cocaine; or

(5) The person possesses at least two (2) other controlled substances in any amount; or

(6) Other relevant and admissible evidence that contributes to the proof that a person's purpose was to deliver methamphetamine or cocaine.

(b) A person who violates this section upon conviction is guilty of a:

. . . .

(2) Class B felony if the person possessed two grams (2g) or more but less than ten grams (10g) of metham-

phetamine or cocaine by aggregate weight, including an adulterant or diluent [.]

Furthermore, "[a] person who uses or possesses with the purpose to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance that is methamphetamine or cocaine upon conviction is guilty of a Class B felony." Ark. Code Ann. § 5–64–443 (Supp. 2013). Finally, a person is guilty of a Class C felony if he or she knowingly keeps or maintains "any store, shop, warehouse, dwelling, building, or other structure or place or premise that is resorted to by a person for the purpose of using or obtaining a controlled substance in violation of this chapter or that is used for keeping a controlled substance in violation of this chapter." Ark.Code Ann. § 5–64–402 (Supp. 2013).

A jury trial was held on April 23, 2014, in case number 12–1651. The State and appellant stipulated that the facts presented at the jury trial would also be sufficient for the revocation of probation hearing in case number 08–1708. Additionally, they stipulated that anything before the execution of the search warrant regarding the confidential informant would be excluded from any testimony "unless the door's opened to that information."

At trial on direct examination by the State, Detective Chris Littleton, a narcotics detective with the Little Rock Police Department, testified that he was investigating drug activity at appellant's home. After Littleton had enough information to obtain a search warrant, he was present when SWAT executed the search warrant on April 10, 2012. After SWAT had secured the residence and allowed him to enter the premises, he testified that he found appellant sitting in the front room on the couch and that there were four other people in the back room of the residence. Detective Littleton testified that he conducted a pat-down search of appellant and discovered a baggie containing an off-white rock-like substance that field tested positive for cocaine. He further explained that a person would typically break off pieces of the cocaine rock, weigh it, and sell it in portions of a quarter of a gram up to a gram. In addition to the cocaine, he found two scales in the back bedroom at the residence that could be used to weigh cocaine. In the same room as the scales, he also saw some mail that belonged to appellant, including a rental receipt for the residence. While he found a box of .45–caliber rounds in the bedroom, he did not find any firearms.

On cross-examination, defense counsel asked the following questions:

Q So you were there when the search warrant was executed back in 2012, correct?

A Yes.

Q And you said you had a SWAT team of people. About how many people were with you?

A Probably ten, maybe. It's been a while, but I'd say at least ten.

Q So ten guys go in?

A Yes.

Q You guys break in the door, and there's Michael Williams sitting on the couch?

A Correct.

Q Right? There are four other people there—

A Correct.

Q —in the back bedroom?

A Correct.

Q Just hanging out?

A Right.

Q. Okay. So you guys start to search the residence, and you said you found some scales, correct?

A Yes.

Q In a bedroom? And you said you found some cocaine on—

A Yes.

Q —Mr.—

A On Mr. Williams.

Q Okay. And that was in his pocket,—

A Yes.

Q —correct? It wasn't out on the table—

A It was in—

Q —or anything?

A —his pants pocket.

Q Okay. So during the investigation, you guys are going through the house. Did you find any baggies?

A Not that I know of.

Q Any packaging?

A No.

Q Okay. Did you find any large sums of money? Any cash—

A No.

Q —laying around?

A If it—if it's not over, I think it's $500, we don't take it or seize it.

Q Did you see any cash laying around?

A I—I don't recall.

Q Okay. Did you find any books or records of any kind of sales? Any cell phones? Contact lists?

A No. I didn't go through any of that.

Q And you said you found bullets?

A Yes.

Q Did you actually find a gun?

A No gun.

Q So no gun?

A No.

Q So no cash, no packaging, no guns, no records, contacts lists, none of those things?

A No.

Q Okay. So ultimately this drug bust resulted in finding a few grams of cocaine and some scales.

A Yeah, a little over three grams of cocaine and two sets of scales.

After cross-examination, the State argued at a bench conference that defense counsel had "opened the door to the basis of the search warrant" on cross-examination. Defense counsel objected and argued that she did not ask any questions about anything before the execution of the search warrant and simply asked the detective what evidence was found at the residence after the execution of the search warrant. The trial court overruled the objection, and Detective Littleton testified that he obtained the search warrant after using a "cooperating individual" who went into the residence and purchased crack cocaine from appellant. Based on this testimony, defense counsel moved for a mistrial, which was denied.

Lize Wilcox, a forensic chemist with the Arkansas State Crime Lab, confirmed that the substance found in the baggie in appellant's pocket was cocaine. It was determined that there were 3.2693 grams of cocaine base and Levamisole. Furthermore, she testified that the residue found on a scale that was seized from appellant's residence was in fact cocaine, a schedule II controlled substance.

Afterward, the State rested, and defense counsel made a motion for directed verdict and subsequently renewed her motion for directed verdict after the defense rested without presenting any further evidence. The trial court denied both motions. During closing arguments, defense counsel argued that while appellant possessed cocaine and was a drug addict, he was not

guilty of the charges alleged. The jury convicted appellant of all charges, [7]and he was sentenced to serve 360 months' imprisonment for possession of methamphetamine or cocaine with purpose to deliver, 360 months' imprisonment for drug paraphernalia, and 120 months' imprisonment for maintaining drug premises, all to be served consecutively for a total of 840 months' imprisonment.

Immediately after appellant was sentenced in case number 12–1651, a revocation of probation hearing was held in case number 08–1708. Orville Thomas, a state probation/parole agent with the Arkansas Department of Correction, testified that appellant signed that he received and understood the written rules of conduct on probation. Additionally, Thomas testified that the last time appellant reported to his probation officer was on November 14, 2013, and he still had an outstanding balance of $1,080 in fines and court costs. Appellant testified that his probation officer had told him that he was released from probation at their last meeting. After revoking appellant's probation, the circuit court sentenced appellant to serve 120 months' imprisonment in case number 08–1708, consecutive to case number 12–1651, for a total of 80 years in both cases.[1] This appeal followed.

■ First, appellant contends that the trial court abused its discretion in concluding that defense counsel had "opened the door" to allow Detective Littleton to testify that a confidential informant previously had bought cocaine from appellant in the residence and that this incident was used as the factual basis to obtain the search warrant in case number 12–[8]1651. He specifically argues that defense counsel did not ask Detective Littleton any questions about anything prior to the execution of the search warrant and certainly did not ask the detective about the factual basis for the search warrant. Furthermore, appellant alleges that he was prejudiced by the trial court's ruling because the testimony that appellant had previously sold cocaine in the residence supplied the necessary proof of intent for each of the offenses alleged. We agree.

■ We review evidentiary rulings regarding the admissibility of evidence under an abuse-of-discretion standard, and we do not reverse absent a manifest abuse of that discretion and a showing of prejudice. *Mendez v. State*, 2011 Ark. 536, 2011 WL 6275689; *Hanlin v. State*, 356 Ark. 516, 157 S.W.3d 181 (2004). Even if otherwise inadmissible, when a party invites discussion of a certain subject, he or she opens the door to a line of questioning by the opposing party so that the opposing party may "fight fire with fire." *Wilburn v. State*, 289 Ark. 224, 711 S.W.2d 760 (1986) (quoting *Pursley v. Price*, 283 Ark. 33, 670 S.W.2d 448 (1984)).

Before trial, the parties agreed on the record that any evidence of the confidential informant's controlled purchase from appellant that occurred before the search warrant was executed was inadmissible unless defense counsel opened the door to this line of questioning. After cross-examination, the State, over appellant's objection, sought to introduce this testimony, arguing that defense counsel had opened the door. As for the questions and testimony elicited on cross-examination, we cannot see where defense counsel opened the door to admitting the very evidence that had been excluded by agreement pri-

---

1. Although Williams's probation was revoked after the original probation period would have expired, the record contains evidence that he was arrested for violation of his probation prior to its expiration. *See* Ark.Code Ann. § 16–93–308(f) (Supp. 2013). As such, the trial court had jurisdiction to revoke appellant's probation.

or to trial. Defense counsel did not inquire as to the factual basis for the search warrant or inquire as to the prior sale to the confidential informant. Rather, defense counsel elicited testimony that Detective Littleton did not find any evidence, other than the cocaine found in appellant's pocket and the scales found in the back bedroom, that appellant had the requisite intent for the charges alleged. Defense counsel specifically inquired whether Detective Littleton found any sale records, cash, packaging, firearms, or contacts lists in the residence after the search warrant was executed. Therefore, we conclude that the trial court abused its discretion in allowing testimony as to what occurred before the search warrant when defense counsel only inquired about evidence found after the search warrant was executed.

However, this does not end our inquiry. Even when a trial court errs in admitting evidence, appellate courts have held that when the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm the conviction. *Barrett v. State,* 354 Ark. 187, 119 S.W.3d 485 (2003). To determine if the error is slight, we can look to see if the defendant was prejudiced. *Id.* Here, we cannot say that the error was slight when the otherwise inadmissible testimony was direct proof of the intent required in this case. Furthermore, while the jury could have inferred that appellant was guilty based on the amount of cocaine and scales found, we cannot say that appellant's evidence of guilt was overwhelming. Thus, we reverse and remand appellant's convictions in case number 12–1651 for a new trial consistent with this opinion.

Next, appellant contends that the trial court erred in granting the State's petition to revoke appellant's probation in case number 08–1708. The State alleged three separate and independent violations as grounds for revoking appellant's probation: he committed the offenses of possession of a controlled substance with intent, possession of drug paraphernalia, and maintaining a drug premises; he failed to report; and he failed to pay fines and court costs. After hearing all testimony and evidence, the trial court revoked appellant's probation without making specific findings as to which violation it relied on, stating that appellant was "[g]uilty. Ten years ADC. Jail credit to be determined."

In a revocation proceeding, the State must prove its case by a preponderance of the evidence, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Doyle v. State,* 2009 Ark. App. 94, 302 S.W.3d 607. Where multiple offenses are alleged as justification for revocation of probation, the trial court's finding that revocation is justified must be affirmed if the evidence is sufficient to establish that the appellant committed any one of the offenses. *Id.* When a trial court bases its decision on multiple, independent grounds, and an appellant challenges only one of those grounds on appeal, we can affirm without addressing the merits of the argument. *Breeden v. State,* 2013 Ark. App. 522, 2013 WL 5371952. Here, appellant specifically argues that this court should reverse because of the error that occurred in appellant's trial in case number 12–1651. However, he does not challenge the alternative grounds of failure to report or failure to pay fines and costs as alleged in the petition for revocation and as orally amended at the revocation hearing. Because the appellant failed to challenge the trial court's alternative grounds for revocation on appeal and the State presented evidence on these violations, we must affirm the trial court's revocation of probation in

case number 08–1708. *Bedford v. State,* 2014 Ark. App. 239, 2014 WL 1663033.

Affirmed in part; reversed and remanded in part.

Gladwin, C.J., and Glover, J., agree.