
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–1071

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** June 22, 2016 |
| CALVIN DEE WILLIAMS | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-11-392] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

### WAYMOND M. BROWN, Judge

Appellant's probation for an underlying drug-possession charge was revoked, and he was sentenced to six years' imprisonment. Pursuant to *Anders v. California*[1] and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the basis that there is no merit to an appeal. Appellant was notified of his right to file a list of pro se points for reversal, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.

Appellant pleaded guilty to one count of possession of cocaine on April 20, 2011, and was sentenced to two years' probation. He received conditions of his probation, which included, among other things, that he report to his probation officer as directed and that he

---

[1]386 U.S. 738 (1967).

SLIP OPINION

pay all fines, costs, and fees. The State filed a petition to revoke on November 1, 2011, alleging that appellant had violated at least six terms and conditions of his probation.

Appellant's revocation hearing took place on August 28, 2014. Amy Peyton, who collects court-imposed fines and fees for the Crittenden County Sheriff's Office, testified that appellant had made only one $200 payment toward his fines, costs, and fees, leaving a balance of $1770. She stated that she had not heard from appellant since the payment was made on May 27, 2014.

Mary Marshall, appellant's probation officer, testified that appellant reported only for his initial probation intake on July 8, 2011. She also stated that appellant never paid any of his probation fees.

Appellant testified that he knew that he had an obligation to report to his probation officer but that he failed to report because he did not have the money to pay the fees and did not want to go back to jail. He said that he did not pay his fines, costs, and fees as ordered because one of his brothers died, his mother's house was foreclosed on, and work was slow. He testified that he went back to work full time in March 2014. Appellant stated that he was scheduled to pay $300 on June 27, 2014, but that he was arrested on June 25, 2014.

At the conclusion of the revocation hearing, the court found that appellant inexcusably failed to report as ordered and that he failed to pay fines, costs, and fees. The court revoked appellant's probation and sentenced him to six years' imprisonment.[2]

---

[2]Although appellant's probation was revoked after the original probation period would have expired, the record contains evidence that a warrant was issued for appellant's arrest on November 1, 2011 and appellant was arrested on February 11, 2013 for violation of his

The only adverse ruling was the revocation of appellant's probation. In revocation proceedings, the circuit court must find by a preponderance of the evidence that the appellant inexcusably violated a condition of probation.[3] The State bears the burden of proof but needs to prove that the appellant committed only one violation of the conditions.[4] We agree with counsel that, considering the evidence adduced at the hearing, the trial court's revocation of appellant's probation was not clearly against a preponderance of the evidence and would not be a meritorious ground for reversal.

From our review of the record and the brief presented to us, we find compliance with Rule 4-3(k), and we hold that there is no merit to an appeal. Therefore, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Steven R. Davis*, for appellant.

No response.

---

probation prior to its expiration. *See* Ark. Code Ann. § 6-93-308(f) (Supp. 2015). As such, the trial court had jurisdiction to revoke appellant's probation. *See Williams v. State*, 2015 Ark. App. 245, 459 S.W.3d 814.

[3] *Hunter v. State*, 2013 Ark. App. 387.

[4] *Id.*