RAYMOND R. ABRAMSON, Judge *917 Appellant Jason Randal Stewart appeals from a Pulaski County Circuit Court order revoking his probation. He was sentenced to three years in the Arkansas Department of Correction (ADC). On appeal, Stewart argues that the State failed to prove by a preponderance of the evidence that he violated a condition of his probation. We disagree, and we affirm.
On July 29, 2015, the State filed a petition to revoke Stewart's probation, alleging that he had violated its terms by committing the offense of terroristic threatening; failing to pay his fines, costs, and fees; testing positive for marijuana; and failing to participate in community service. Stewart pleaded true to the State's probation-revocation petition on March 7, 2016. The circuit court accepted this plea and fined Stewart $200. Additionally, the circuit court ordered Stewart to pay court costs, complete community service, and submit to random drug screens. He was sentenced to four years' probation.
On April 10, 2017, the State filed a second probation-revocation petition, asserting that Stewart had violated the conditions of his probation by failing to report; failing to pay his fines, costs, and fees; and testing positive for marijuana. A hearing was held on June 12, 2017, at which time the circuit court revoked his probation and sentenced him to three years in the ADC. Stewart now timely appeals.
Pursuant to Arkansas Code Annotated section 16-93-308(d) (2017), a court may revoke a defendant's probation at any time before the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the probation. The State has the burden of proving that a condition of probation was violated. Jones v. State , 2013 Ark. App. 466, 2013 WL 4766701. The State need show that the defendant committed only one violation in order to sustain a revocation. Banks v. State , 2014 Ark. App. 639, 2014 WL 5842347. On appellate review, the circuit court's findings are upheld unless they are clearly against the preponderance of the evidence. Stultz v. State , 92 Ark. App. 204, 212 S.W.3d 42 (2005). Our court defers to the circuit court's superior position to determine credibility and the weight to be *918 accorded testimony. Baney v. State , 2017 Ark. App. 20, 510 S.W.3d 799.
Stewart challenges the sufficiency of the proof of each alleged violation, requesting that this court reverse. When multiple violations are alleged as justification for revocation of probation, and the circuit court made no specific findings as to which violation it relied on, we will affirm the revocation if there is sufficient evidence to establish that at least one violation has been committed. E.g. , Doyle v. State , 2009 Ark. App. 94, at 4, 302 S.W.3d 607, 609. Here, the State proved by a preponderance of the evidence that Stewart inexcusably violated his conditions of probation by testing positive for marijuana, failing to report as directed, and failing to pay his fees, fines, and court costs.
At the revocation hearing, Stewart's probation officer, Kendra Alexander, testified that on March 24, 2016, Stewart tested positive for marijuana in violation of the conditions of his probation. Stewart contends on appeal that he was required only to submit to drug screens, not to pass them. This argument holds no weight. Stewart's probation conditions required him to "obey all Federal and State laws." Our court has noted that a positive drug screen can be used as evidence that an appellant has violated the probation condition that the appellant lead a law-abiding life. See, e.g. , Beebe v. State , 2009 Ark. App. 113, at 3, 303 S.W.3d 89, 91. Therefore, the State's undisputed testimony that Stewart tested positive for marijuana was sufficient proof that he had violated the conditions of his probation. Stewart next contends the State did not prove his failure to report was inexcusable. However, the State need only present evidence of noncompliance. E.g. , Hart v. State , 2017 Ark. App. 434, at 3, 530 S.W.3d 366, 368. It is then the defendant's burden to present a reasonable excuse for this noncompliance. E.g. , Anglin v. State , 98 Ark. App. 34, 36, 249 S.W.3d 836, 838 (2007). The circuit court had the discretion to either accept or reject any of Stewart's excuses for his noncompliance. E.g. , Owens v. State , 2009 Ark. App. 876, at 8, 372 S.W.3d 415, 420. Stewart's conditions of probation required him to report to his probation officer monthly. Officer Alexander testified that Stewart was aware that he was required to attend his monthly meetings, and Stewart's mother, Carolyn Sliter, testified that she drove him to the meetings. He failed to report on March 3, and while his mother offered a number of excuses for him, she also testified that Stewart "chose" not to go. The circuit court was well within its discretion to find that Stewart's failure to report for his monthly probation meeting was inexcusable.
Stewart's final argument that the State did not prove that his failure to pay his fines, costs, and fees was inexcusable also fails. Because he cited no facts and made no convincing argument in support of this claim, we reject his argument. He offered no testimony or evidence concerning his financial situation or his inability to pay, and the circuit court did not commit error when it revoked his probation. As noted above, the State needed to prove only one violation to revoke Stewart's probation, and it has done so in this case. See, e.g. , Doyle, supra. At the revocation hearing, the State presented sufficient proof that Stewart violated multiple conditions of his probation. The order revoking Stewart's probation for failing to comply with the conditions of his probation was not clearly against the preponderance of the evidence. Accordingly, we affirm.
Affirmed.