[Cite as *Cleveland v. Oke* , 2018-Ohio-2846.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106365**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**JOSHUA OKE**

DEFENDANT-APPELLANT

**JUDGMENT:**
SENTENCE VACATED,
DEFENDANT DISCHARGED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRD 021235

**BEFORE:** Blackmon, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 19, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By: Cullen Sweeney
Assistant Cuyahoga County Public Defender
310 Lakeside, Suite 200
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland - Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

**{¶1}** Defendant-appellant Joshua Oke ("Oke"), appeals from the second of two sentences imposed for drug possession, following his termination from the Cleveland Municipal Court's drug court program. Oke assigns the following error for our review:

> The trial court violated [Oke's] constitutional protection against being placed in double jeopardy when it imposed multiple punishments for the same offense.

**{¶2}** Having reviewed the record and pertinent law, we vacate the second sentence and order Oke discharged, in light of his completion of the court's original sentence. The apposite facts follow.

**{¶3}** In 2016, Oke was charged with first-degree misdemeanor drug abuse in East Cleveland, and the matter was referred to the Cleveland Municipal Court's drug court on November 9, 2016.[1] At the time of his acceptance into the program, he was at the Northcoast Behavioral Healthcare Center, awaiting residential placement. The court provided Oke with the rules for participating in the program, including that Oke would be subjected to drug testing and monitoring for at least a year, and that he could be terminated from the program for noncompliance or withdraw voluntarily.

**{¶4}** Oke participated in the drug court program for eight months. In June 2017, Oke informed the court that he had smoked crack and the court ordered him to spend two days in jail. Oke tested positive for marijuana on August 28, 2017, and September 7, 2017. On September

---

[1]The documents from East Cleveland have not been included within the trial court's record. However, we note that in order to participate in the drug court program:

> Defendants are required to enter a plea of "guilty" to a first-degree misdemeanor. The sentence is held in abeyance pending successful completion of the program. Upon successful completion of Drug Court and payment of a supervision fee, a participant's guilty plea is vacated, the charge(s) dismissed and the case sealed or expunged. https://clevelandmunicipalcourt.org/judicial-services/court-programs/drug-court (accessed April 2018).

13, 2017, the court terminated Oke from the drug court program, and sentenced him to ten days in jail. The court noted that "ten days is a gift because I could be giving you six months * * * ten days then you can go on about your business." The court's journal entry indicates that incarceration would end on September 23, 2017, and the matter was returned to the East Cleveland Municipal Court.

**{¶5}** One week later, the court held an additional hearing. Oke's counsel questioned whether jurisdiction had vested in the East Cleveland Municipal Court in light of Oke's termination from drug court, and the court replied:

> you can go to East Cleveland where they don't have heat, air or water sometimes, electricity or you can stay here. * * * So it's a technicality, but if you want to ride on that technicality, you can ride it all the way to East Cleveland jail.

**{¶6}** The court then imposed a second sentence of 150 days of incarceration. Oke filed a motion for bond, but the trial court sua sponte converted it to a motion to "mitigate sentence," and denied it, then ordered an additional hearing one week later to "revisit" the issue of mitigation of sentence. This court granted an appellate bond on October 23, 2017, or approximately three weeks after the expiration of the ten-day sentence originally imposed.

### Double Jeopardy

**{¶7}** Oke asserts that the trial court violated the prohibition against double jeopardy when it sentenced him to ten days of incarceration on September 7, 2017, then imposed a second sentence of 150 days on September 13, 2017.

**{¶8}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 16, citing *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), and *State v.*

*Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 24. The double jeopardy protection applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution and is also guaranteed by Article I, Section 10 of the Ohio Constitution. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10.

{¶9} We recognize that courts have held that there is no double jeopardy violation where a trial court imposes sentence for a "deferred judgment violation" such as a positive drug test, and later imposes a sentence on the underlying offense. *See People v. Lopez*, 97 P.3d 223 (Colo.App.Div.A 2004); *Doyle v. State*, 2009 Ark.App. 94, 302 S.W.3d 607 (Div.2).

{¶10} The record in this matter indicates that on September13, 2017, the trial court imposed a ten-day sentence, and stated that this is "a gift because I could be giving you six months * * * ten days then you can go on about your business." This sentence was clearly a sentence for the underlying offense and not simply a deferred judgment violation. However, one week later, the court imposed a second sentence of 150 days. Plainly, the court was imposing an additional, harsher sentence for the same first-degree misdemeanor, despite having already imposed a ten-day sentence for the offense of drug abuse. In any event, after the court issued the September 13, 2017 sentence, it returned the matter to East Cleveland, so it is unclear how jurisdiction was again vested in the drug court for the subsequent sentencing. *See State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 29. Finally, we note that Oke has completed the ten-day sentence originally imposed by the court.

{¶11} For all of the foregoing reasons, the assigned error is well taken. The second sentence was imposed in violation of the prohibition against double jeopardy, and is vacated; the first sentence is deemed completed and Oke is discharged.

{¶12} Sentence vacated and defendant discharged.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS WITH
ATTACHED CONCURRING OPINION

SEAN C. GALLAGHER, J., CONCURRING:

{¶13} I concur with the majority decision to vacate the imposed sentence, but respectfully write separately to address concerns about a jurisdictional question that Oke failed to raise on appeal. Oke focused his challenge solely on double jeopardy grounds. Because the factual record regarding the transfer process is sparse and we do not have the East Cleveland case on appeal, I will not sua sponte raise the jeopardy issue to take issue with the lead opinion's analysis. *State v. Tate,* 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.2d 888, ¶ 21.

{¶14} Municipal courts in this jurisdiction should nevertheless be vigilant about jurisdiction. This case originated in East Cleveland. The East Cleveland criminal case is not before us, and it is not part of this record. Oke appealed the sentence imposed by the Cleveland drug court, after he was terminated from the program.

{¶15} Cleveland Municipal Court Loc.R. 4.24 limits those that can participate in the Cleveland drug court's program. In this case, Oke entered the program through a referral made by the probation department of the East Cleveland court as a condition of his community control supervision imposed in the underlying criminal case. Cleveland M.C. Loc.R. 4.24(C). That division provides that "persons eligible for the Greater Cleveland Drug Court may enter the program through three different tracks." *Id.* The only track relevant to this case specifically provides that an eligible person, within criminal cases initiated outside Cleveland Municipal Court's territorial jurisdiction, may enter Cleveland's drug court program through "a referral from an identified Suburban Court [(in this case East Cleveland)] as a condition of community control supervision by the probation department of the referring court." Cleveland M.C. Loc.R. 4.24(C)(3). Thus, it is the probation department that makes the referral to the Cleveland drug court under that probation department's obligation to implement the conditions of community control imposed by the East Cleveland court in the underlying criminal case.

{¶16} Although we do not have all the facts and circumstances of these events available to us, and this issue was not directly raised on appeal, it is possible that the East Cleveland court never relinquished jurisdiction over Oke's case. The drug court program was initiated as a condition of the community control sanction imposed by the East Cleveland court. Nothing in Cleveland's local rule of court provides the drug court with jurisdiction over the defendant's entire case. *See, e.g.,* Cuyahoga C.P. Loc.R. 30.2 (F) ("when a case is transferred to a Drug Court Docket, the assigned Drug Court Judge shall acquire full jurisdiction over that transferred case.") When the drug court terminated Oke from the program, the matter was to be referred back to the originating court, in this case East Cleveland. Jurisdiction may well have been at

issue, but since it was not raised, I agree with the majority that the sentence imposed by the drug court must be vacated.