Cite as 2021 Ark. App. 219

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–20–730

| | | |
|---|---|---|
| FRED WILLIAM ENGLISH | | **Opinion Delivered:** May 5, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 16LCR–17–36] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE DAN RITCHEY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Fred English appeals the order of the Craighead County Circuit Court revoking his probation and sentencing him to the Arkansas Department of Correction. On appeal, English challenges the sufficiency of the evidence supporting the court's decision to revoke. We affirm.

To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. *Id.* Furthermore, the State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274.

On appellate review, we uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id*. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Burgess v. State*, 2021 Ark. App. 54.

English pled guilty in March 2018 to one count of theft of property and was sentenced to sixty months' probation, subject to certain terms and conditions. He was prohibited from committing a criminal offense punishable by imprisonment and prohibited from using, selling, distributing, or possessing any controlled substance. He was further ordered to report to a supervising officer and notify his supervising officer of any change of address as well as pay restitution in the amount of $3,800 and other court costs and fees.

The State filed a petition to revoke English's probation in November 2019. The State alleged that English had failed to live a crime-free life; failed to report; admitted using controlled substances; made his whereabouts unknown in an effort to avoid supervision; and had a total balance of $4,470 owing on his restitution, court costs, and fees.

The circuit court held a hearing on the State's petition. Without objection, the State introduced a certified copy of a sentencing order from the Poinsett County Circuit Court reflecting that English had been convicted in December 2019 of possession of methamphetamine or cocaine with purpose to deliver. Chad Davis, English's probation officer, testified that English failed to report as required numerous times, confessed to methamphetamine or marijuana usage on five different occasions between June and September 2018, and was behind on his supervision fees. The State also introduced a payment-plan history from the sheriff's department showing the remaining balance owed

on English's restitution and other costs. After the State concluded its case, English advised the court that he did not wish to testify and then rested without presenting any evidence or testimony.

The circuit court found that English had violated the terms and conditions of his probation on numerous bases: he failed to live a crime-free life and committed the offense of possession of a controlled substance with the purpose to deliver; he failed to report regularly as directed; he admitted using methamphetamine and marijuana while on probation; he failed to make his whereabouts known to his supervisor; and he failed to make any payments toward his fines and costs, and there was no evidence to indicate an inability to pay. Accordingly, the court revoked English's probation and sentenced him to fifty-four months in the Arkansas Department of Correction followed by eighteen months' suspended imposition of sentence. Following entry of the sentencing order, English filed a timely notice of appeal.

On appeal, English argues that there was insufficient evidence to support the revocation of his probation. He bases his argument on his cross-examination of Davis. During cross-examination, Davis acknowledged that English might have been homeless during his period of supervision, that his only income came from Social-Security benefits, and that he did not have a vehicle. English asserts that this cross-examination proved "[his] inability to adhere to the rules and conditions of probation without assistance." English concludes that because he "had issues that required assistance," he was unable to comply with the terms and conditions of his probation, and the circuit court therefore erred in revoking his probation.

We affirm the revocation of English's probation without addressing the merits of his argument. When multiple offenses are alleged as justification for revocation of probation, the circuit court's finding that revocation is justified must be affirmed if the evidence is sufficient to establish that the appellant committed any one of the offenses. *Williams v. State*, 2015 Ark. App. 245, at 10, 459 S.W.3d 814, 820. Moreover, when a circuit court bases its decision on multiple, independent grounds and an appellant challenges only one of those grounds on appeal, we can affirm without addressing the merits of the argument. *Id.*

Here, the State alleged multiple offenses in its revocation petition, including English's conviction for committing a drug offense and his multiple admissions to using controlled substances. The circuit court revoked English's probation on multiple violations, including his December 2019 Poinsett County conviction and his admitted drug usage. On appeal, English argues only that he had reasonable excuses for failing to comply with the reporting and payment conditions. He does not challenge the other independent bases for the circuit court's revocation decision; therefore, we affirm. *See Breeden v. State*, 2013 Ark. App. 522 (affirming without addressing appellant's argument that he excusably failed to refrain from using drugs when appellant did not address the circuit court's alternative finding that he failed to report to his probation officer).

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

4