Cite as 2023 Ark. App. 454

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-64

| | | |
|---|---|---|
| DONTEL SPRAGLIN | | Opinion Delivered October 18, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 35CR-17-449] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Dontel Spraglin, appeals the revocation of his probation. Spraglin argues that the circuit court committed reversible error by denying him the right to examine the confidential informant at the revocation hearing in violation of his rights under the Confrontation Clause. We affirm.

Spraglin was on a three-year probationary term commencing in June 2020 for admitting to possession of methamphetamine. Contemporaneous with his guilty plea and acceptance of probation, Spraglin agreed to written conditions of his probation. In October 2020 and September 2022, the State file petitions to revoke Spraglin's probation. The alleged violations included multiple positive drug-test results over five months of testing (THC, opiates, PCP, amphetamines, methamphetamine, and cocaine), committing new drug-related offenses in August 2020, and being delinquent in his court-ordered payments.

After several continuances, the revocation hearing was conducted in November 2022. Testimony was presented to show that Spraglin was delinquent in his fees and that he tested positive several times for illegal substances. The State also brought a Pine Bluff narcotics detective to testify about a drug buy between a confidential informant and Spraglin in August 2020. During the detective's testimony, defense counsel argued that Spraglin's right to confrontation was being violated because the confidential informant was not present to testify. The objection was overruled. A search was conducted of Spraglin's residence, where officers found synthetic marijuana, cocaine, ecstasy pills, regular marijuana, and a loaded handgun, all on a coffee table or floor near Spraglin, who was sitting on the couch. Spraglin had $350 in his pants pocket. Spraglin made general denials about the drugs and gun found in his residence. Spraglin admitted in his testimony, however, that if he were drug tested that day, he would test positive for marijuana, although he claimed he could stop using drugs any time he wanted.

The circuit court found that Spraglin was in violation of the terms of his probation, notably having just admitted on the stand that he would test positive for marijuana. The circuit court revoked his probation and sentenced him to six years in prison for the underlying drug crime. This appeal followed.

To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State does not have to prove every

allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. On appellate review, we uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *English v. State*, 2021 Ark. App. 219, 622 S.W.3d 649.

Spraglin's sole argument on appeal is that the circuit court violated his rights under the Confrontation Clause. That objection related solely to the confidential informant and his identification of Spraglin in the controlled drug buy in August 2020. We, however, need not reach that issue because there was an independent, alternative basis on which the circuit court revoked Spraglin's probation. There was ample unrefuted evidence that Spraglin tested positive for a multitude of illegal drugs during probation, and Spraglin himself admitted on the stand that he would test positive that day for marijuana, which clearly violated the terms of his probation. When a circuit court bases its decision on multiple independent grounds and an appellant challenges only one of those grounds on appeal, we can affirm without addressing the merits of the argument. *See English*, *supra*.

Affirmed.

HARRISON, C.J., and BROWN, J., agree.

*Robinson, Zakrzewski & Taylor, P.A.*, by: *Luke Zakrzewski*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.